# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ARLO ROMANO,**

      **Petitioner,**

**v.**                                                 **Civil Action No.  1:13cv207**
                                                    **Criminal Action No.  1:08cr59**
                                                      **(Judge Keeley)**

**UNITED STATES OF AMERICA,**

      **Respondent.**

## REPORT AND RECOMMENDATION

On September 16, 2013, the *pro se* petitioner, Arlo Romano [hereinafter Romano] filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. (Doc. 313). On that same date, a Notice of Deficient Pleading was sent to Romano advising him that pursuant to Rule 3.4 of the Local Rules of Prisoner Litigation, his Motion must be filed on the court approved form which was enclosed for his use.  On September 13, 2014, the petitioner filed the court approved form in which he argues that his sentence should be vacated in light of <u>Alleyne v. United States,</u> 133 S.Ct. 2151 (2013).  The petitioner further argues that his Motion is timely under 28 U.S.C. § 2255(f)(g) as the result of the <u>Alleyne</u> decision.

### I.  Factual and Procedural History

**A.  Petitioner's Conviction and Sentence**

On July 2, 2008, Romano was indicted on three counts of a four count indictment returned by the Grand Jury sitting in the Northern District of West Virginia.  (Doc. 1).On November 12, 2008, Romano entered into a plea agreement by which he agreed to plead guilty to Count Three of the Indictment charging him with distribution of heroin, in violation of Title 21, United States Code, Section 841(a0(1) and 841(b)(1)(c). (Doc. 105).  Romano entered his guilty plea on November 24,

2008, during a plea hearing conducted by Magistrate Judge John Kaull. (Doc. 102). On March 6, 2009, the Honorable Irene M. Keeley conducted a sentencing hearing. (Docs. 145, 188). On March 12, 2009, Judgment was entered whereby Romano was committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 144 months to be followed by supervised release for a term of three years. (Doc. 154).

**B.  Appeal**

On March 11, 2009, Romano filed a Notice of Appeal. (Doc. 151). In his appeal, Romano challenged the sentencing court's decision to assess a two-level sentencing enhancement pursuant to U.S. Sentencing Guidelines Manual § 3B1.1(c) (2009), based on his status as an organizer, leader, manager, or supervisor of the drug conspiracy. On May 10, 2010, the United States Court of Appeals affirmed the court's judgment. U.S. v. Romano, 377 F.App'x 329 (4th Cir. 2010). Romano did not seek a Writ of Certiorari.

**C.  Federal Habeas Corpus**

Romano raises a single ground for his motion: that the judicial sentence enhancement pursuant to U.S.S.G. § 3B1.1(c) violated his Sixth Amendment rights as established by the recent Supreme Court ruling in Alleyne.(Doc. No. 313-1). Romano also alleges that the timeliness of his motion is valid pursuant to 28 U.S.C. § 2255(f)(3) because the Supreme Court has announced a "New Watershed Rule of Criminal Procedure" which should be applied retroactively on collateral review. (*Id*. at p. 5); e.g. Sawyer v. Smith, 110 S. Ct. 2822, 2823 (1990).

In his Memorandum of Law, Romano first argues that under a Teague v. Lane analysis, the Alleyne ruling should be applied retroactively because it is one that "requires the observance of 'those procedures that . . . are implicit in the concept of ordered liberty." (*Id*. at p. 5); 109 S.Ct. 1060 (1989). However, later in the Memorandum Romano acknowledges that the Teague analysis is not

2

applicable to § 2255 Petitioners, and instead a retroactive application of the Alleyne ruling should be applied because it is a new substantive rule that would satisfy the third factor of when the § 2255 statute of limitations first begins to toll. (Doc. No. 313-1 at p. 8); 28 U.S.C. § 2255(f)(3).

Romano argues that the judicial finding that increased the total offense level should have been examined under a reasonable doubt standard by a jury, pursuant to the holding in Alleyne. (*Id.* at p. 9). Romano relies on the decision in Davis v. United States, in which the test for a substantive rule is whether the rule is "a fundamental defect which . . . results in a complete miscarriage of justice, and whether it presents exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." 94 S. Ct.2298, 2305 (1974); (Doc. No. 313-1 at p. 9).

## II. Analysis

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255.

The limitation period shall run from the last of:

1. The date on which the judgment of conviction becomes final;

2. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;[1] or

4. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

---

[1] The one-year statute of limitation period under this subsection runs from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right asserted was made retroactive. Dodd v. United States, 545 U.S. 353 (2005).

28 U.S.C. § 2255.

As an initial starting point, the undersigned has reviewed this case to determine its general timeliness under 28 U.S.C.§ 2255(f)(1). In general, to satisfy the statute of limitations, Romano must have filed his motion within one year from "the date on which [his] judgment of conviction bec[ame] final." 28 U.S.C. § 2255(f)(1). The Fourth Circuit has determined that a federal prisoner's conviction becomes final on the date upon which he fails to pursue further direct appellate review. United States v. Sanders, 247 F.3d 139, 142 (4th Cir. 2001). Romano's appeal was denied on May 10, 2010. Therefore, because Romano did not pursue a writ of certiorari, his conviction became "final" pursuant to § 2255(f)(1) on August 9, 2010. See Supreme Ct. Rule 13.3; Clay v. United States, 537 U.S. 522, 523 (2003). Accordingly, Romano had until August 9, 2011 to file his § 2255 motion, but his motion was not filed until September 16, 2013.[2] Because Romano filed his motion after the one-year statute of limitations ran, the undersigned finds that the motion is untimely.

However, the Fourth Circuit has held that the AEDPA statute of limitations is subject to equitable modifications such as tolling. United States v. Prescott, 221 F.3d 686, 687-88 (4th Cir. 2000). Nonetheless, "rarely will circumstances warrant equitable tolling." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003). In order to be entitled to equitable tolling, the petitioner bears the burden of presenting evidence which shows that he was prevented from timely filing his § 2255 petition

---

[2] The Court notes that the date of September 16, 2013 is when Romano' motion was filed in the CM/ECF system. The Supreme Court has held that under the "mailbox rule," a prisoner's motion should be considered filed at the time the prisoner delivers it "to the prison authorities for forwarding to the court clerk." Houston v. Lack, 487 U.S. 266, 276 (1988). However, nothing in Romano' motion provides evidence as to when he gave these documents to the prison authorities to be mailed. Romano's motion notes that he executed it on September 11, 2013. (Doc. 313, p. 13) Even assuming that this is the same date Romano gave his motion to prison authorities for mailing, it is still untimely.

4

because of circumstances beyond his control, or external to his own conduct, and that it would be unconscionable, or that a gross injustice would occur, if the limitation were enforced. Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). To make such a showing, petitioner must also show that he employed reasonable diligence in investigating and bringing his claims. Miller v. New Jersey State Department of Corrections, 145 F.3d 616, 617 (3rd Cir. 1998).

In this case, Romano does not allege that he is entitled to equitable tolling. Instead, he relies on Alleyne to render his § 2255 motion timely pursuant to 28 U.S.C. § 2255(f)(3).

The undersigned finds that this section does not apply because Alleyne is not retroactively applicable to cases on collateral review. 133 S.Ct. 2151 (2013). Pursuant to § 2255(f)(3), the limitation period for a petitioner to file their § 2255 motion is one year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Alleyne held that "facts that increase the mandatory minimum sentence are therefore elements and must be submitted to the jury and found beyond a reasonable doubt." 133 S.Ct. at 2158. In the Alleyne opinion, the Supreme Court did not declare this new rule to be retroactive on collateral attack. 133 S.Ct. 2151 (2013); see also In re Kemper, 735 F.3d 211 (5th Cir. 2013); In re Payne, 733 F.3d 1027 (10th Cir. 2013); Simpson v. United States, No. 13-2373, 2013 WL 3455876, at *1 (7th Cir. July 10, 2013). In addition to the Fifth, Seventh and Tenth Circuits, a number of district courts in this circuit and across the country have determined that Alleyne should not be applied retroactively for the purposes of collateral attack. See e.g., Newlen v. United States, 2014 WL 1787779 (N.D.W.Va. May 5, 2014); Puzey v. United States, 2014 WL 1761615 (N.D.W.Va. Apr. 30, 2014); Grantham v. United States, 2014 WL 296937 (N.D.W.Va. Jan. 27, 2014); Williams v. United States, No. 5:13-CV-00108, 2013 WL 4083274, at *2 (W.D.N.C. August 13, 2013); Smith v. Holland, No. 13-147-

KKC, 2013 WL 4735583, at *4 (E.D.Ky. Sept. 3, 2013); Smith v. Federal Bureau of Prisons, No. 9:13–384–RMG, 2013 WL 833050 (D.S.C. July 23, 2013).

Additionally, Alleyne expanded upon the holding in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000), which found that facts increasing the statutory *maximum* must be submitted to the jury and proved beyond a reasonable doubt. 530 U.S. at 490 (emphasis added). According to the Seventh Circuit, the "Justices have decided that other rules based on Apprendi do not apply retroactively on collateral review. This implies that the Court will not declare Alleyne to be retroactive." Simpson, 2013 WL 3455876, at *1 (*citing* Schriro v. Summerlin, 542 U.S. 348, 124 S.Ct. 2519 (2004)).

### III. Recommendation

For the foregoing reasons, the undersigned recommends that the Court enter an Order **DENYING** Romano' § 2255 motion as untimely and **DISMISSING** the case with prejudice.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of the Court written objections identifying those portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the

6

docket.

DATED: June 2, 2014.

      /s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE