IN THE UNITED STATES DISTRICT COURT
                  FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ARLO WHITEOAK ROMANO,**

        Petitioner,

**v.**  //  **CIVIL ACTION NO. 1:08CR59-01**
                          **CRIM. ACTION NO. 1:13CV207**
                               (Judge Keeley)

**UNITED STATES OF AMERICA,**

        Respondent.

### MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 7], DENYING § 2255 MOTION [DKT. NO. 1], AND DISMISSING CASE WITH PREJUDICE

Pending before the Court is the Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Dkt. No. 1) filed by the pro se petitioner, Arlo Whiteoak Romano ("Romano"). The question presented is whether a two-level sentencing enhancement imposed for Romano's aggravated role in the offense constitutes an "element" of the charged offense that must be submitted to the jury and found beyond a reasonable doubt. The Court concludes that it does not.

Also pending is the Report and Recommendation ("R&R") of the Honorable James E. Seibert, United States Magistrate Judge, recommending that Romano's § 2255 motion be denied as untimely (Dkt. No. 7). For the reasons that follow, the Court **ADOPTS** the R&R, **OVERRULES** Romano's objections, **DENIES** Romano's § 2255 motion, and **DISMISSES** this case **WITH PREJUDICE**.

**ROMANO V. UNITED STATES**                                            **1:13CV207**

## MEMORANDUM OPINION AND ORDER ADOPTING
## REPORT AND RECOMMENDATION [DKT. NO. 7], DENYING
## § 2255 MOTION [DKT. NO. 1], AND DISMISSING CASE WITH PREJUDICE

### BACKGROUND[1]

On November 24, 2008, Romano pleaded guilty in this Court to one count of distribution of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Case No. 1:08CR59-01, Dkt. No. 105). On March 6, 2009, the Court sentenced Romano to 144 months of incarceration and three years of supervised release (Case No. 1:08CR59-01, Dkt. No. 154).

On March 11, 2009, Romano appealed (Case No. 1:08CR59-01, Dkt. No. 151), challenging the Court's decision to impose a two-level enhancement for his role in the offense. U.S. SENTENCING GUIDELINES MANUAL § 3B1.1(c)(2009). On May 10, 2010, the United States Court of Appeals for the Fourth Circuit affirmed Romano's conviction and sentence. <u>United States v. Romano</u>, 377 F.App'x 329(4th Cir. 2010). Romano did not file a petition for writ of certiorari.

More than three (3) years later, on September 16, 2013, Romano filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, again challenging his sentence enhancement (Dkt. No. 1). On June 2, 2014, Magistrate Judge Seibert issued an R&R, recommending that the Court deny Romano's petition as untimely

---

[1] All docket numbers, unless otherwise noted, refer to Case No. 1:13CV207.

**ROMANO V. UNITED STATES** 1:13CV207

**MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION [DKT. NO. 7], DENYING
§ 2255 MOTION [DKT. NO. 1], AND DISMISSING CASE WITH PREJUDICE**

and dismiss the case with prejudice (Dkt. No. 7). Romano filed his objections to the R&R on June 12, 2014 (Dkt. No. 10).[2]

## LEGAL STANDARD

Title 28 U.S.C. § 2255(a) permits federal prisoners in custody to assert the right to be released if "the sentence was imposed in violation of the Constitution or laws of the United States," if "the court was without jurisdiction to impose such sentence," or if "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." A petitioner bears the burden of proving any of these grounds by a preponderance of the evidence. See Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

Importantly, a one-year limitation period applies to actions brought pursuant to § 2255. 28 U.S.C. § 2255(f). The limitation period begins to run from the latest of the following:

(1) the date on which the judgment of conviction becomes final;

---

[2] When reviewing a magistrate judge's report and recommendation made pursuant to 28 U.S.C. § 636, the court must review de novo only the portion to which an objection is timely made. 28 U.S.C. § 636(b)(1)(C). When no objections to the R&R are made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F.Supp. 825 (E.D. Cal. 1979). Because Romano objected to the conclusions in the R&R, the Court will review the same de novo.

**ROMANO V. UNITED STATES**                                            **1:13CV207**

**MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION [DKT. NO. 7], DENYING
§ 2255 MOTION [DKT. NO. 1], AND DISMISSING CASE WITH PREJUDICE**

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

## DISCUSSION

### A. Untimeliness

As an initial matter, the Court agrees that Romano's motion is untimely under § 2255(f)(1). As already noted, following the Fourth Circuit's denial of his appeal on May 10, 2010 (Case No. 1:08CR59-01, Dkt. No. 248), he failed to petition for review by the Supreme Court of the United States. His conviction therefore became final 90 days later, on August 9, 2010. Supreme Ct. Rules 13.1, 13.3. Accordingly, under § 2255(f)(1), Romano had until August 9, 2011, to file a § 2255 motion. He did not file the motion, however, until September 16, 2013, two years, one month, and eight days after the one-year limitation period had expired, and over three years after his conviction had become final.

**ROMANO V. UNITED STATES**                                          **1:13CV207**

**MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION [DKT. NO. 7], DENYING
§ 2255 MOTION [DKT. NO. 1], AND DISMISSING CASE WITH PREJUDICE**

Romano does not deny this timeline; nor does he allege that he is entitled to equitable modifications such as tolling. Rather, relying on the decision of the Supreme Court of the United States in <u>Alleyne v. United States</u>, 133 S.Ct. 2151 (2013), he contends his petition is timely under § 2255(f)(3) (Dkt. No. 1 at 3).

**B. Inapplicability of <u>Alleyne</u>**

Magistrate Judge Seibert concluded that the Supreme Court's holding in <u>Alleyne</u> does not apply to Romano's case.[3] The Court agrees.

In <u>Alleyne</u>, decided on June 17, 2013, the Supreme Court reaffirmed that "[t]he touchstone for determining whether a fact must be found by a jury beyond a reasonable doubt is whether the fact constitutes an 'element' or 'ingredient' of the charged offense." <u>Id.</u> at 2158. Accordingly, any fact that, by law, increases the penalty for a crime is an "element" that must be submitted to the jury and found beyond a reasonable doubt. <u>Id.</u> at 2155. Mandatory minimum sentences based on drug type and weight

---

[3] Magistrate Judge Seibert concluded that <u>Alleyne</u> is inapplicable to this case because its holding is "not retroactively applicable to cases on collateral review." (Dkt. No. 7 at 5). The Court agrees, but further finds that <u>Alleyne</u> is inapplicable on substantive grounds.

**ROMANO V. UNITED STATES** 1:13CV207

**MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION [DKT. NO. 7], DENYING
§ 2255 MOTION [DKT. NO. 1], AND DISMISSING CASE WITH PREJUDICE**

increase the penalty for a crime and, thus, are the type of "element" or "ingredient" that must be found by a jury.[4] Id.

In the instant case, this Court enhanced Romano's base offense level by two levels pursuant to U.S.S.G. § 3B1.1(c), after finding that he was an organizer, leader, manager, or supervisor of a drug conspiracy. Prior to the enhancement, Romano had a total offense level of 25, which would have resulted in an advisory guideline range of 110 to 137 months of imprisonment. The two-level enhancement, however, increased Romano's total offense level to 27, resulting in a guideline range of 130 to 162 months. The Court sentenced Romano to a term of 144 months, in the middle of the advisory guideline range.[5]

Romano's argument that, pursuant to the holding in Alleyne, the jury should have determined under a reasonable doubt standard whether he was an organizer or leader of a drug conspiracy because that was the fact, or "element," that increased his total offense

---

[4] Although Romano claims that this Court's enhancement of his base level offense resulted in a mandatory minimum sentence of 130 months, this is incorrect; his count of conviction did not carry a mandatory minimum sentence. 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

[5] Romano's sentence was subsequently reduced to 124 months pursuant to the U.S.S.G. amendments (Case No. 1:08CR59-01, Dkt. No. 330). The reduced sentence is within the amended guideline range.

**ROMANO V. UNITED STATES** 1:13CV207

**MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION [DKT. NO. 7], DENYING
§ 2255 MOTION [DKT. NO. 1], AND DISMISSING CASE WITH PREJUDICE**

level and thus enhanced the advisory guideline range, was rejected in Alleyne. Id. at 2163 ("Our ruling today does not mean that any fact that influences judicial discretion must be found by a jury. We have long recognized that broad sentencing discretion, informed by judicial factfinding, does not violate the Sixth Amendment."). Thus, because Romano's role enhancement was not an "element" of the crime of heroin distribution, the Court properly exercised its discretion to enhance his sentence under U.S.S.G. § 3B1.1(c) based on his role in the offense. See also United States v. Steffen, 741 F.3d 411 (4th Cir. 2013)(affirming a district court's imposition of a three-level sentencing enhancement based on the defendant's aggravated role in the charged offense).

Alleyne is inapplicable to Romano's case, and his contention that his motion is timely under § 2255(f)(3) is without merit.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in such cases. If the court denies the certificate, "the parties may not appeal the denial but may seek a

ROMANO V. UNITED STATES                                            1:13CV207

**MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION [DKT. NO. 7], DENYING
§ 2255 MOTION [DKT. NO. 1], AND DISMISSING CASE WITH PREJUDICE**

certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. foll. § 2255(a).

The Court finds it inappropriate to issue a certificate of appealability in this matter because Romano has not made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong, and that any dispositive procedural ruling by the district court is likewise debatable. See <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336–38 (2003). Upon review of the record, the Court concludes that Romano has failed to make the requisite showing, and **DENIES** a certificate of appealability.

### CONCLUSION

For the reasons discussed, the Court **ADOPTS** the R&R (Dkt. No. 7), **OVERRULES** Romano's objections (Dkt. No. 10), **DENIES** Romano's § 2255 motion (Dkt. No. 1), and **DISMISSES** this case **WITH PREJUDICE**.

It is so **ORDERED**.

The Court directs the Clerk to transmit copies of this Order to counsel of record and the <u>pro se</u> petitioner, certified mail,

ROMANO V. UNITED STATES                                          1:13CV207

**MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION [DKT. NO. 7], DENYING
§ 2255 MOTION [DKT. NO. 1], AND DISMISSING CASE WITH PREJUDICE**

return receipt requested, to enter a separate judgment order, and to remove this case from the active docket.

DATED: February 24, 2016.

>                              /s/ Irene M. Keeley
>                              IRENE M. KEELEY
>                              UNITED STATES DISTRICT JUDGE